UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

Retailing Enterprises, LLC,

Case No. 23-14169-SMG
Chapter 11

Debtor.
_____/

**DEBTOR'S MOTION TO ESTABLISH PROCEDURES TO PERMIT
MONTHLY PAYMENT OF INTERIM FEE APPLICATIONS
OF CHAPTER 11 PROFESSIONALS**

Retailing Enterprises, LLC (the "Debtor"), by and through undersigned counsel, and pursuant to Local Rule 2016-a1(b), moves this Court to establish procedures to permit monthly payment of interim fees and costs to counsel for the Debtor, to be held in trust pending Court approval, and in support of the Motion, states as follows:

1. This case was commenced by the filing of a voluntary petition for relief under chapter 11 the Bankruptcy Code on May 30, 2023.

2. Prepetition, the Debtor paid a $100,000.00 initial retainer (the "Initial Retainer") for the filing of this instant case.

3. Since the date of the Initial Retainer, the Debtor has incurred legal fees and costs in the approximate amount of $60,000.00, including the court filing fee of $1,738.00.

4. The monthly procedure will be identical to the procedure outlined in the Court's form *Order Establishing Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals*, a copy of which is attached as Exhibit "A".

5. Appropriate factors to consider in establishing interim compensation procedures include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtor in providing

services necessary to achieve a successful reorganization of the debtor." See *In re International Horizons, Inc.*, 10 BR. 895, 897-98 (Bankr. N.D. Ga. 1981) (where the court established procedures for monthly interim compensation).

6. Local Rule 2016-1(B)(3)(b) provides that:

> In larger chapter 11 cases, upon motion of a chapter 11 debtor, the court, upon notice and hearing, may consider approval of procedures for monthly payment of interim fee applications of chapter 11 professionals. The motion and proposed Local Form "Order Establishing Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals" shall be served on the U.S. Trustee, the attorney for each official committee (or if no committee is appointed, the 20 largest unsecured creditors), attorneys for all post-petition lenders (or attorneys for their agents) and all parties who have filed a notice of appearance.

7. The Debtor submits that procedures for monthly payment of interim fees are appropriate considering the above factors. This is a case that requires extensive time on the part of the Debtor's attorney. The issues involved in this Chapter 11 case are substantial and complex, and this case has a significant number of creditors who have been assertive in their positions and have been highly involved in virtually all aspects of the case.

8. The monthly payment of fees to the attorney for the Debtor will allow for the Court and all other parties an effective means to monitor the fees incurred, and the Debtor a means to avoid irregular payments that might result in large depletions of cash flow.

9. All amounts paid by the Debtor on a monthly basis will be deposited into Wernick Law's IOLTA trust account, and no amounts will be transferred out of said trust account and into counsel's operating account without Court approval; i.e., after approval of an interim or final fee application by the Court.

10. In addition, no monthly fees will be paid unless the Debtor first has sufficient cash to pay all Court-ordered adequate protection payments, UST fees, and normal operating expenses.

WHEREFORE, the Debtor respectfully requests that this Court enter an order: (i) granting this motion; (ii) permitting monthly payments of fees as described herein; and (iii) granting any further relief as this Court deems just and proper.

I HEREBY CERTIFY that a true copy of the foregoing will be furnished to all creditors and interested parties with a copy of the Notice of Hearing hereon.

Dated: May 30, 2023

>Wernick Law, PLLC
>*Counsel for the Debtor*
>2255 Glades Road, Suite 324A
>Boca Raton, Florida 33431
>(561)961-0922/(561)431-2474- fax
>
>By: */s/Aaron A. Wernick*
>Aaron A. Wernick, Esq.
>Florida Bar No.: 14059
>e-mail: awernick@wernicklaw.com

Exhibit "A"
Form Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

Retailing Enterprises, LLC,

Case No. 23-
Chapter 11

        Debtor.
_____/

ORDER ESTABLISHING PROCEDURES TO PERMIT MONTHLY PAYMENT OF
INTERIM FEE APPLICATIONS OF CHAPTER 11 PROFESSIONALS

THIS MATTER came before the Court for hearing on at a.m./p.m. in Fort Lauderdale, Florida upon the Debtor's Motion to Establish Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals pursuant to Local Rule 2016-1 (B)(3) (the "Motion to Establish Procedures"). The Court, having determined that the relief requested in the Motion to Establish Procedures is in the best interests of the Debtor, the estates, and creditors; and it appearing that proper and adequate notice has been given by service of the Motion to Establish Procedures on the Office of the United States trustee, counsel for each official committee [if no committee is appointed, the 20 unsecured creditors holding the largest claims], counsel for all postpetition lenders (or counsel for their agent(s)), and all parties who filed a notice of appearance, and that no other or further notice is necessary; having heard argument of counsel, and considered the record; upon the representation of the Debtor that the estate is administratively solvent; finding that good

4

and sufficient cause exists to grant the Motion to Establish Procedures it is ORDERED as follows:

1. The Motion to Establish Procedures is GRANTED.

2. Interim compensation and reimbursement of the Chapter 11 professionals in this case shall be in accordance with this Order.

3. Except as may otherwise be provided in Court orders authorizing the retention of specific professionals, all professionals in these cases may seek monthly compensation in accordance with the following procedure:

(a) On or before the 20th day of each month following the month for which compensation is sought, each professional whose employment was approved by order of this Court authorized to seek compensation under this Order will serve a monthly statement, by email to (i) Mauricio Krantzberg [mkrantzberg@invictastores.com], President of the Debtor, the officer designated by the Debtor to be responsible for such matters; (ii) counsel for the Debtor; (iii) counsel for all official committees; (iv) counsel for the Office of the United States trustee,; (vi) counsel for all postpetition lenders or their agent(s); and (anyone else the Court may designate) (the "Service Parties").

(b) The monthly statement need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers since this Order is not intended to alter the fee application requirements outlined in §§ 330 and 331 of the Code and since professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court, Southern District of Florida.

(c) Each monthly fee statement must contain a printout or schedule of the reimbursable expenses incurred and the professional and paraprofessional time spent (in sufficient detail to allow the review of this time by the Service Parties), which shall ordinarily be for services rendered through a particular calendar month.

(d) The following shall not be compensable time entries:

> Preparing, reviewing, or revising monthly fee statements, invoices or other informal interim compensation requests to the extent duplicative of the preparation of the related interim or final application filed with the court under § 330 of the Code (or vice versa).

(e) Each Service Party receiving a statement may object to the payment of the fees or the reimbursement of costs set forth therein by serving a written objection (which shall not be filed with the Court) upon the other Service Parties on the last day of the month in which the statement is received. The objection shall state the nature of the objection and identify the amount of the fees or costs to which objection is made. The objecting party shall attempt in good faith to object only to the portion of the statement that is deemed to be objectionable.

(f) In the absence of any timely objection, the Debtor is authorized to pay 80% of the fees and 100% of the expenses identified in each monthly statement to which no objection has been served in accordance with paragraph (e).

(g) If the Debtor receives an objection to a particular fee statement, they shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and

6

disbursements in the percentages set forth in paragraph (f). All professionals subject to this Order shall establish a separate billing number for any time spent on the resolution of fee disputes. Any fees incurred in connection with such fees disputes shall not be paid pursuant to the monthly statement but may only be sought and paid upon the filing of an interim fee application as set forth in paragraph 3(k) below and after order of court.

(h)    Similarly, if the parties to an objection are able to resolve their dispute following the service of an objection and if the party whose statement was objected to serves on all of the parties listed in paragraph (a) a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtor is authorized to pay, in accordance with paragraph (f), that portion of the fee statement which is no longer subject to an objection.

(i)    All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court. See paragraph (k), below.

(j)    The service of an objection in accordance with paragraph (e) shall not prejudice the objecting party's right to object to any fee application on any ground, whether or not raised in the objection. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of, nor otherwise prejudice, that party's right to object to any subsequent fee application.

(k)    Unless the Court orders otherwise, each of the professionals utilizing the procedures described in the Order shall file interim fee applications, for the amount of fees and costs sought in paragraph 3(f) above, in accordance with

the 120-day guideline set forth in Section 331 of the Bankruptcy Code as follows:

> i) First Interim Fee Applications may be filed on or before _____ (the "First Interim Fee Applications"). The First Interim Fee Applications shall represent fees and costs incurred by the professionals from_____ through _____ .
>
> ii) Second Interim Fee Applications may be filed on or before (the "Second Interim Fee Applications"). The Second Interim Fee Applications shall represent fees and costs incurred by the professionals from _____ through _____ .
>
> iii) Thereafter, interim fee applications may be filed in accordance with the schedule set forth above covering the preceding four month time period. All interim fee applications shall comply with the Guidelines for Fee Applications for Professionals in the Southern District of Florida Bankruptcy Cases. The Court shall schedule and conduct a hearing, upon proper notice served by the party filing the interim fee application in accordance with Bankruptcy Rule 2002(a)(6), to determine all interim fee applications pending before it.

(l)    A professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order when such application is due shall preclude such professional from utilizing the automatic pay procedures as provided herein until an interim fee application has been filed and heard by the Court.

(m)     A determination, by the Court, that payment of compensation or reimbursement of expenses was improper as to a particular monthly statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(n)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

4.     The Debtor shall include all payments to professionals on its monthly operating reports, detailed so as to state the amount paid to each of the professionals.

5.     The Debtor may not make any payments under this Order if the Debtor has not timely filed monthly operating reports or remained current with its administrative expenses and 28 U.S.C. §1930.  Otherwise, this Order shall continue and shall remain in effect during the pendency of this case unless otherwise ordered by the Court.

6.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7.     Upon motion or application, and after due notice to all parties set forth on the Master Service List, additional professionals employed by the Debtor or the Committee may be authorized to participate in modified interim compensation procedures as set forth in this Order.

8.     All professionals subject to this Order shall be required to monitor their own compliance with the terms of this Order and shall include the following certification on each monthly invoice:  I hereby certify that I am in compliance with the terms of the Order

Establishing Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals.

### 

Submitted by:

Aaron A. Wernick, Esq.
Wernick Law, PLLC
*Counsel for the Debtor*
2255 Glades Road, Suite 324A
Boca Raton, FL 33431
(561) 961-0922
awernick@wernicklaw.com

*Attorney Aaron A. Wernick shall serve a copy of the signed order on all required parties and file with the court a certificate of service conforming with Local Rule 2002-1(F).*